HOMER ARTHUR WOODS and BARBARA ANN WOODS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Woods v. Commissioner
Docket No. 19821-82.
United States Tax Court
T.C. Memo 1985-233; 1985 Tax Ct. Memo LEXIS 399; 49 T.C.M. (CCH) 1490; T.C.M. (RIA) 85233; May 14, 1985. Homer Arthur Woods, pro se. Patrick E. McGinnis, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $1,741.00 in petitioners' 1979 Federal income tax. The only issue is whether petitioners' auto racing was an activity not engaged in for profit under section 183. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Homer Arthur Woods (hereinafter petitioner) and Barbara Ann Woods, resided in Pahrump, Nev., when they filed their petition herein. During 1979, petitioner was employed full-time by Reynolds Electrical and Engine Co. in Los Vegas, Nev., as a heavy equipment operator. He earned wages that year totalling $26,224.06. Petitioner had been interested *401 in the sport of stock car racing as early as 1971, but it was not until 1977 that petitioner purchased a used car and began to spend more time racing cars. Petitioner's stock car racing activities, however, were confined to only some nights and weekends. Petitioner garaged and worked on his car at his home in Nevada. Petitioner entered four races in 1978, seven races in each of 1979 and 1980, three races in 1981 and four faces in 1982. With the exception of one race during 1979 which was held in San Bernadino, Calif., and of the races petitioner entered in 1978 and 1979 were run at the Craig Road Speedway in Las Vegas. Of the fourteen races petitioner entered during 1980, 1981, and 1982, nine were held in Las Vegas, while the remaining five were held in California. Petitioner won no races from 1977 through 1982. His best performance during this period was when he finished seventh and received $600 in a race at the Mesa Marin Speedway in Bakersfield, Calif., in 1980. It is customary for professional race car drivers, race car owners, or drag strip racers to engage sponsors who either pay a fixed sum for the displaying of an advertising decal or pay all or a portion of the racer's *402 expenses in return for all or part of the winnings. During 1977 through 1982, however, petitioner did not have a sponsor. Petitioner did not maintain a formal general ledger, accounts receivable ledger, accounts payable ledger, or asset ledgers during 1979. From 1977 through 1982, petitioner's total receipts, expenses, and net losses from stock car racing were as follows: Year
Receipts
Expenses
Net Losses
1977
$1,000
$7,650
$ (6,650)
1978
0
3,227
(3,227)
1979
500
7,262
(6,762)
1980
[2]
(12,499)
1981
400
9,357
(8,957)
1982
2,500
7,093
(4,593)
Petitioners deducted their loss of $6,762 on their 1979 Federal income tax return. [3] In this notice of deficiency, respondent disallowed the entire loss because he determined that petitioner's stock car racing was an activity not engaged in for profit. *403 OPINION The sole issue is whether petitioner's stock car racing was an "activity * * * not engaged in for profit" under section 183. Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable * * * under section 162 or under * * * section 212." If petitioner's stock car racing activity is not engaged in for profit then deductions arising therefrom are allowed only to the extent of gross income earned from such activity. [4] Sec. 183(b)(2). If the activity was engaged in for profit, all of the claimed expenses are fully deductible under section 162. Benz v. Commissioner,63 T.C. 375, 383 (1974). To qualify his stock car racing as an activity engaged in for profit, petitioner must prove that his endeavors were entered into with the primary intention and motivation to make a profit. Golanty v. Commissioner,72 T.C. 411, 425 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); *404 Lemmen v. Commissioner,77 T.C. 1326, 1340 (1981). Petitioner must have entertained an actual and honest profit objective in connection with his activities. Dreicer v. Commissioner,78 T.C. 642 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. (1983). The taxpayer's expectation of profit need not be a reasonable one, but there must be a good faith objective of making a profit. Sec. 1.183-2(a), Income Tax Regs.Dreicer v. Commissioner,supra at 645. The determination of whether the requisite profit objective exists is to be resolved on the basis of all the surrounding facts and circumstances of the case. Sec. 1.183-2(b), Income Tax Regs.; Golanty v. Commissioner,supra at 426. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of his intent. Sec. 1.183-2(a), Income Tax Regs.Dreicer v. Commissioner,supra at 645. Petitioner has the burden of proof to show he had the requisite intention and that respondent's determination that the activities were not engaged in for profit is incorrect. Welch v. Helvering,290 U.S. 111 (1933). *405 Golanty v. Commissioner,supra at 426; Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner maintains that he had a bona fide intention and objective of making a profit from his racing activity. He contends that "bad luck" is the reason he has never made a profit.Respondent argues, however, that petitioner's stock car racing activity was a hobby, and petitioner did not engage in that activity with the bona fide objective of making a profit. For the following reasons, we find that petitioner was not engaged in stock car racing for profit in 1979. Although petitioner has participated in stock car racing for many years, he has never made a profit from his racing activity.From 1977 through 1982, his aggregate losses from stock car racing exceeded income from that activity by $42,688. While not conclusive, a record of substantial losses over many years and the unlikelihood of achieving a profitable operation are important factors bearing on the taxpayer's true intention. Golanty v. Commissioner,supra at 426; Bessenyey v. Commissioner,45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967). *406 Furthermore, petitioner participated in only 25 races between 1978 and 1982. In 1979, the year here in issue, he participated in only seven races, six of which were held in Las Vegas near his home. Since petitioner worked full time as an equipment operator in 1979, his racing activity was limited to weekends. Thus, it is clear that petitioner's infrequent racing activities on occasional weekends were recreational and not for the purpose of making a profit. We further note that during 1977 through 1982 petitioner did not have any support from sponsors which is necessary to make engaging in the activity of stock car racing profitable. In addition, petitioner failed to maintain adequate books and records to convince us that he handled his stock car racing activities in a businesslike manner. Thus, we find unpersuasive petitioner's assertions that "bad luck" was the reason his racing activity was never profitable. Petitioner's entering only seven races in 1979 clearly shows that stock car racing was a hobby and not a business entered into with the intention of making a profit. Accordingly, we hold that petitioner did not engage in stock car racing during 1979 with the objective *407 of making a profit. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. We note that the record only shows that petitioners reported a $12,499 loss on their 1980 return, but does not indicate the amount of receipts and expenses for that year.↩
3. Petitioners also deducted the losses for 1977, 1978, 1980, 1981, and 1982 on their respective returns for those years, but none of those years are before the Court.↩
4. Under sec. 183(b)(1), petitioners are entitled to deductions that would be allowable without regard to whether the activity was engaged in for profit, such as interest and taxes.↩